UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ROLAND RAOUF DAHDOUH,
ALEJANDRO MORALES,

        Plaintiffs,

v.

ROAD RUNNER MOVING AND STORAGE INC, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING AND STORAGE D/B/A NEW CITY MOVING D/B/A PREFERRED MOVING COMPANY D/B/A ROAD RUNNER MOVING AND STORAGE, YOSSI WISMAN A/K/A YOSI WIZMAN, JOHN MATHER,

        Defendants.

_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

    Plaintiffs, ROLAND RAOUF DAHDOUH and ALEJANDRO MORALES, bring this action against Defendants, ROAD RUNNER MOVING AND STORAGE INC, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING AND STORAGE D/B/A NEW CITY MOVING D/B/A PREFERRED MOVING COMPANY D/B/A ROAD RUNNER MOVING AND STORAGE, YOSSI WISMAN A/K/A YOSI WIZMAN, and JOHN MATHER, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     At all times material hereto, Plaintiffs ROLAND RAOUF DAHDOUH and ALEJANDRO MORALES were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3.  At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate telephone communication with customers throughout the U.S.A. including New York, California, Georgia, Illinois, and North Carolina.

4.  At all times material hereto, Defendant, ROAD RUNNER MOVING AND STORAGE INC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of moving services, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5.  At all times material hereto, Defendant, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of moving services, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6.  At all times material hereto, Defendant, Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING AND STORAGE D/B/A NEW CITY MOVING D/B/A PREFERRED MOVING COMPANY D/B/A ROAD RUNNER MOVING AND STORAGE, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of moving services, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

7.Defendant, YOSSI WISMAN A/K/A YOSI WIZMAN, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendants, ROAD RUNNER MOVING AND STORAGE INC, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, and Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING AND STORAGE D/B/A NEW CITY MOVING D/B/A PREFERRED MOVING COMPANY D/B/A ROAD RUNNER MOVING AND STORAGE, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of Defendants, ROAD RUNNER MOVING AND STORAGE INC, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, and Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING AND STORAGE D/B/A NEW CITY MOVING D/B/A PREFERRED MOVING COMPANY D/B/A ROAD RUNNER MOVING AND STORAGE. Accordingly, YOSSI WISMAN A/K/A YOSI WIZMAN was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

8.Defendant, JOHN MATHER, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendants, ROAD RUNNER MOVING AND STORAGE INC, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, and Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING AND STORAGE D/B/A NEW CITY MOVING D/B/A PREFERRED MOVING COMPANY D/B/A ROAD RUNNER MOVING AND STORAGE, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of Defendants, ROAD RUNNER MOVING AND STORAGE INC, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, and Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING AND STORAGE D/B/A NEW CITY MOVING D/B/A PREFERRED MOVING COMPANY D/B/A ROAD

RUNNER MOVING AND STORAGE. Accordingly, JOHN MATHER was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

9. Defendants, ROAD RUNNER MOVING AND STORAGE INC, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE and Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING AND STORAGE D/B/A NEW CITY MOVING D/B/A PREFERRED MOVING COMPANY D/B/A ROAD RUNNER MOVING AND STORAGE, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

10. Defendants, ROAD RUNNER MOVING AND STORAGE INC, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, and Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING AND STORAGE D/B/A NEW CITY MOVING D/B/A PREFERRED MOVING COMPANY D/B/A ROAD RUNNER MOVING AND STORAGE, were joint employers of Plaintiffs under the Fair Labor Standards Act, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs.

11. Two or more of Defendants' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business, including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

12. Plaintiff ROLAND RAOUF DAHDOUH worked for Defendants as a sales representative.

13. Plaintiff ALEJANDRO MORALES worked for Defendants as a sales representative.

14. Defendants failed to pay Plaintiffs' full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rate for hours worked over 40 each week.

15. Defendants failed to pay Plaintiffs' full and proper minimum wages for certain hours worked during their employment.

16. Attached as <u>Exhibit A</u> and <u>Exhibit B</u> are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

17. Defendants have knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

18. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

19. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

        Respectfully submitted,

        Koz Law, P.A.
        320 S.E. 9th Street
        Fort Lauderdale, Florida 33316
        Phone: (786) 924-9929
        Fax:   (786) 358-6071
        Email: ekoz@kozlawfirm.com

        _____
        Elliot Kozolchyk, Esq.
        Bar No.: 74791