# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CV-61936-RUIZ/STRAUSS

**ROLAND RAOUF DAHDOUH,** *et al.*,

    Plaintiffs,

v.

**ROAD RUNNER MOVING
AND STORAGE INC.,** *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendants' Motion to Compel Arbitration and Dismiss/Stay Proceedings [DE 13] ("Motion"). The Motion was referred to me to take all necessary and proper action as required by law [DE 15]. I have reviewed the Motion, the Response [DE 25] and Reply [DE 29] thereto, and the pertinent portions of the record. For the reasons discussed herein, I **recommend** that the Motion [DE 13] be **DENIED without prejudice** pending a jury trial on the limited issue of whether Plaintiffs signed the Independent Contractor Agreements ("Agreements") attached to the Motion. If the jury finds that Plaintiffs signed the Agreements, I recommend that the Motion then be **GRANTED**.

## BACKGROUND

Plaintiffs commenced this action under the Fair Labor Standards Act on September 23, 2020. In the Complaint, Plaintiffs allege that Defendants failed to pay them minimum wage for certain hours worked as well as overtime pay for hours Plaintiffs worked in excess of forty hours

per week [DE 1 ¶¶ 14-15]. On November 5, 2020, two of the five Defendants,[1] Road Runner Moving and Storage, Inc. ("Road Runner") and Y & O Moving Consulting Services LLC ("Y&O"), filed the Motion.

Pursuant to the Motion, Road Runner and Y&O have requested that the Court compel arbitration on the basis that the parties entered into the Agreements, which contain arbitration provisions applicable to the claims in this case. Specifically, section 8.1 of the Agreements provides as follows:

> Arbitration of Disputes Required (in lieu of litigation). Any dispute or claim that arises out of or that relates to this Contractor agreement, or that relates to the breach of this agreement, or that arises out of or that is based upon the employment relationship (including any wage claim, any claim for wrongful termination, or any claim based upon any statute, regulation, or law, including those dealing with employment discrimination, sexual harassment, civil rights, age, or disabilities). . . shall be resolved by arbitration in accordance with the then effective arbitration rules of (and by filing a claim with) American Arbitration Association, and judgment upon the award rendered pursuant to such arbitration may be entered in any court having jurisdiction thereof.

[DE 13-1 at pp. 5, 9]. In addition to filing copies of the Agreements with the Motion, Road Runner and Y&O have filed a declaration [DE 13-1 at pp. 1-2] authenticating the Agreements and stating – or at least providing evidence reasonably indicating – that Plaintiffs signed the Agreements [*see* DE 13-1 at pp. 1-2 & ¶¶ 5, 8-9].

In response to the Motion, Plaintiffs raise a single argument. They contend no agreement to arbitrate exists because they never saw or signed the Agreements; they claim that their purported signatures on the Agreements were forged. In addition to so arguing in their Response, Plaintiffs have submitted affidavits, with both stating the following regarding their respective Agreements: "I never saw that document during or before my employment with Defendants. I did not sign that

---

[1] The other three Defendants have not yet appeared.

document. The signature for my name in that document is fraudulent." [DE 25-1; DE 25-2]. Consequently, Plaintiffs request that the Motion be denied or, alternatively, that a jury trial be held on the issue of whether Plaintiffs signed the Agreements.

Road Runner and Y&O have replied, disputing Plaintiffs' forgery contention and arguing that Plaintiffs failed to "substantiate their denial" – that they failed to provide sufficient evidence to show they did not sign the Agreements as they contend. Road Runner and Y&O note that Plaintiffs have not provided examples of their signatures to show that the signatures on the Agreement are inconsistent with their normal signatures. Additionally, Road Runner and Y&O provide copies of Plaintiffs' W-9 signatures and argue that the signatures are virtually identical to those on the Agreements.

## **ANALYSIS**

An arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Federal Arbitration Act ("FAA") "creates a 'presumption of arbitrability' such that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1115-16 (11th Cir. 2014)). However, the presumption of arbitrability "does not apply to disputes concerning whether an agreement to arbitrate has been made." *Id.* (quoting *Dasher*, 745 F.3d at 1116). When the making of the arbitration agreement is at issue, courts must find that the parties agreed to the arbitration agreement before referring the matter to arbitration. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) ("The court 'shall' order arbitration 'upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue.'" (quoting 9 U.S.C. § 4)).

When a motion to compel arbitration is filed, courts consider the following: "(1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." *Gomez v. Allied Professionals Ins. Co.*, 457 F. Supp. 3d 1351, 1356 (S.D. Fla. 2020) (citations omitted). *See also Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999) ("Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." (citation omitted)).

Here, Plaintiffs dispute the existence of the Agreements. They claim to have never signed the Agreements, and they claim to have never seen the Agreements before or during their employment with Defendant(s). However, Plaintiffs do not otherwise contest the validity of the Agreements or the arbitrability of the claims in this case, and they do not contend that the right to arbitration has been waived. Thus, the sole issue for the Court to resolve is whether Plaintiffs signed the Agreements.

When a court finds the making of an arbitration agreement to "be in issue, [it] shall proceed summarily to the trial thereof." 9 U.S.C. § 4. Determining whether the making of the Agreements is in issue requires the application of a summary judgment-like standard. *Bazemore*, 827 F.3d at 1333. Thus, "a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Id.* (citing Fed. R. Civ. P. 56(a)). "An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007) (citing *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir.1996)). "Where the record taken as a whole could

not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (internal quotation marks omitted) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The Eleventh Circuit "repeatedly has emphasized that '*state law* generally governs whether an enforceable contract or agreement to arbitrate exists.'" *Bazemore*, 827 F.3d at 1329 (citation omitted). Under Florida law, "[t]he party seeking enforcement of an agreement has the burden of establishing that an enforceable agreement exists." *CEFCO v. Odom*, 278 So. 3d 347, 352 (Fla. 1st DCA 2019). *See also Bazemore*, 827 F.3d at 1330 ("The party asserting the existence of a contract has the burden of proving its existence and its terms." (citation omitted)).

Road Runner and Y&O have satisfied their initial burden, for summary judgment purposes, by providing a copy of the alleged written Agreements purporting to have Plaintiffs' signatures and by providing a declaration stating that Plaintiffs returned the signed Agreements to the declarant [DE 13-1]. As mentioned above, in response, Plaintiffs have denied signing the Agreements and have denied ever seeing the Agreements prior to the conclusion of their employment with Defendant(s). Plaintiffs' affidavits, while bare, are in clear conflict with the declaration submitted by Road Runner and Y&O. The conflict is material because it is one that goes to the essence of whether a contract was formed. Moreover, the issue is genuine because a reasonable jury could rule for either party.

Based on the statements made in the affidavits and declaration, resolving whether Plaintiffs signed the Agreements will ultimately turn on a credibility determination. Although Road Runner and Y&O provide (in their Reply) unauthenticated copies of Plaintiffs' signatures from other documents and assert that the signatures are virtually identical to those in the Agreements, this does not conclusively refute Plaintiffs' sworn assertions. A reasonable jury could still credit

Plaintiffs' testimony over Defendants' testimony.  Thus, a genuine issue of material fact exists with respect to whether Plaintiffs signed the Agreements.  *See Grayson v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1204, 1220 (11th Cir. 2017) ("In deciding whether to grant summary judgment, a district court may not weigh conflicting evidence or make credibility determinations." (quoting *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012)) (internal quotation marks omitted)).[2]

Therefore, the matter must summarily proceed to trial in accordance with 9 U.S.C. § 4.  *See Masias-Pena v. Auto Wax of S. Fla., Inc.*, No. 19-CV-24559, 2020 WL 874262, at *2-3 (S.D. Fla. Feb. 12, 2020) (finding a genuine issue regarding whether the plaintiffs signed arbitration agreements where they submitted affidavits attesting that the signatures on the agreements were not theirs and, consequently, determining a trial was necessary to resolve the issue).  Because Plaintiffs have requested a jury trial on the signature/assent issue if the Motion is not denied outright, they are entitled to a jury trial on the issue.  *See Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1346-50 (11th Cir. 2017).  *See also Rodero v. Signal Fin. Co. LLC*, 365 F. Supp. 3d 1263, 1264-66 (S.D. Fla. 2018) (denying motion to compel arbitration without prejudice and ordering a jury trial where a similar signature-related issue existed).[3]

---

[2] I note that both parties reference cases citing *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851 (11th Cir. 1992), [*see* DE 25 at pp. 2-3; DE 29 ¶ 2], which provides an outdated standard for determining whether an agreement to arbitrate exists.  It is that outdated standard Defendants rely on to claim that Plaintiffs must substantiate their denial [*see* DE 29 ¶ 2].  However, the Eleventh Circuit has confirmed that the standard announced in *Chastain* is no longer the applicable standard in light of the Supreme Court's decision in *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995).  *See Larsen v. Citibank FSB*, 871 F.3d 1295, 1303 n.1 (11th Cir. 2017); *Bazemore*, 827 F.3d at 1329-30 & n.1; *Offshore Marine Towing, Inc. v. Gismondi*, No. 20-CIV-60657-RAR, 2020 WL 5742640, at *2 n.1 (S.D. Fla. July 20, 2020).  Therefore, the appropriate legal framework is discussed and applied above.

[3] While Plaintiffs are entitled to a jury trial, they may wish to consider proceeding by bench trial, as a jury trial will occur no earlier than April 2020 in light of the COVID-19 pandemic.  Further,

**CONCLUSION**

For the reasons discussed above, I **recommend** that the District Court **DENY** the Motion [DE 13] **without prejudice** and hold a jury trial on the issue of whether Plaintiffs signed the Agreements.[4] If the jury finds that Plaintiffs signed the Agreements, I recommend that the Court revisit its ruling, **GRANT** the Motion, and compel arbitration.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 3rd day of December 2020.



Jared M. Strauss
United States Magistrate Judge

---

should Plaintiffs agree to proceed by bench trial, I am available to conduct that bench trial, should the parties consent and the Court choose to refer the matter to me.

[4] In their Reply, Road Runner and Y&O request that this case be stayed pending final resolution of the Motion if the Court determines that a trial on the signature issue is necessary; in such an event, they also seek permission to conduct "narrow discovery as to the arbitration issue only." [DE 29 ¶ 5]. While such requests are reasonable, these requests were not specifically raised in the Motion. Instead, they were only raised in the Reply for the first time. Therefore, they are not properly before the Court at this time. If Defendants wish to seek such relief, they need to do so by separate motion after conferring with Plaintiffs' counsel.