UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61936-RAR

**ROLAND RAOUF DAHDOUH** and
**ALEJANDRO MORALES**,

    Plaintiffs,

v.

**ROAD RUNNER MOVING AND STORAGE, INC.**, *et al.*,

    Defendants.
_____/

## ORDER AWARDING SANCTIONS

**THIS MATTER** is before the Court on Plaintiffs' Response to Order to Show Cause [ECF No. 68], filed on March 5, 2021, in response to this Court's Order [ECF No. 67] on Defendants' Motion to Strike [ECF No. 66]. The Court has considered Plaintiffs' Response, Defendants' Reply [ECF No. 69], and all pertinent portions of the record.

Plaintiffs' Response misses the mark entirely. It does not explain *why* Plaintiffs' counsel filed an Amended Complaint [ECF No. 65] naming a defendant which had been previously dismissed—for 43 days—by the Court [ECF No. 50] and *why* Plaintiffs' counsel doubled-down on his improper Amended Complaint even after being contacted by Defendants' counsel regarding the same. Instead, Plaintiffs' counsel, attempting to place the blame on anyone but himself, highlights that neither "Defendants' counsel or the Court raise[d] any issue concerning the allegations regarding John Mather." Resp. at 1-2. Plaintiffs' counsel appears to have forgotten that the "*plaintiff* is the master of his or her complaint." *See, e.g., Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1028 (11th Cir. 1997). "[T]he Court does not serve as counsel's law clerk"—nor is it this Court's job to do Plaintiffs' counsel's work for him. *Federal Ins. Co. v. County of Westchester*, 921 F. Supp. 1136, 1139 (S.D.N.Y. 1996).

It is, however, the Court's role to exercise its power to "manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir. 1985) (citation omitted). To that end, the "Court has the inherent power to impose sanctions on parties, lawyers or both." *JTR Enters., LLC v. An Unknown Co.*, No. 11-10074, 2014 WL 12503330, at *8 (S.D. Fla. June 19, 2014). "Federal courts possess potent inherent powers that they may use to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Peer v. Lewis*, 571 F. App'x 840, 844 (11th Cir. 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)).

Sanctions are warranted here. Plaintiffs' counsel's failure to read and abide by the Court's Orders dated February 25, 2021 and January 14, 2021 [ECF Nos. 50, 64] resulted in the necessity of filing a Motion to Strike [ECF No. 66]. Plaintiffs' counsel's conduct in repeatedly ignoring Orders of the Court, as explained in detail in the Court's Order Granting Motion to Strike [ECF No. 67], is "conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45. Further, Plaintiffs' counsel's behavior was tantamount to bad faith because such behavior "delay[ed] or disrupt[ed] the litigation" and "hamper[ed] the enforcement of a court order." *Tarasewicz v. Royal Caribbean Cruises, Ltd.*, No. 14-60885, 2016 WL 3944178, at *1 (S.D. Fla. Mar. 17, 2016). In sum, Plaintiff's counsel's behavior reflects a "willful disobedience of a court's orders" such that the Court is justified in imposing sanctions under its inherent power. *See Chambers*, 501 U.S. at 47. Thus, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. No good cause having been shown as to why sanctions should not be imposed, they are hereby awarded.

      2. Accordingly, sanctions are imposed against Plaintiffs' counsel for the reasonable fees incurred by Defendants' counsel in connection with the filing of the Motion to Strike [ECF No. 66].

      3. If the parties cannot agree on the amount of the same, the Court will address the award of fees upon proper motion—which may involve the imposition of additional sanctions if the Court finds that a party is conducting itself unreasonably.

      **DONE AND ORDERED** in Fort Lauderdale, Florida this 17th day of March, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**