UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61936-RUIZ/STRAUSS

**ROLAND RAOUF DAHDOUH**, *et al.*,

    Plaintiffs,
v.

**ROAD RUNNER MOVING
AND STORAGE INC.**, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR EVIDENTIARY HEARING AND SANCTIONS

THIS MATTER came before the Court upon Plaintiffs' Motion for Evidentiary Hearing and Sanctions ("Motion") [DE 84]. Pursuant to the Motion, Plaintiffs' counsel, Elliot Kozolchyk, seeks sanctions against Defendants' counsel, Adi Amit, based on Mr. Amit's alleged conduct at certain depositions in this case.

Mr. Kozolchyk and Mr. Amit frequently represent opposing parties in Fair Labor Standards Act ("FLSA") cases before this Court. In fact, it appears that they have had more than twenty FLSA cases against each other in this District over the past three years. They even appeared as co-counsel in one case. Until recently, to my knowledge, Mr. Amit and Mr. Kozolchyk have largely worked professionally with one another. At the very least, when they appeared in matters before me, they were generally respectful to each other. Yet, any such professionalism recently came to a screeching halt – on both sides. Instead, they have started to engage in tit-for-tat squabbles and accusations that have done nothing but waste the Court's time, their own time, and their clients' money – shenanigans that reasonable and professional attorneys do not engage in. Mr. Kozolchyk has already been sanctioned in this case for non-discovery related conduct, *see*

[DE 71], and both attorneys have continued to engage in needless and inappropriate bickering in filings in this case and other cases pending before me. They have continued to do so notwithstanding the Court's warnings that their conduct must cease and that they may be sanctioned if it does not.

The present discovery dispute, which is addressed in the Motion and the briefing thereon, concerns Mr. Kozolchyk's and Mr. Amit's conduct at three depositions taken in this case – April 22, 2021 and April 28, 2021 depositions of Plaintiffs, and an April 27, 2021 deposition of a non-party. All three depositions were conducted remotely. By way of background, a few weeks before the depositions in this case, Mr. Kozolchyk and Mr. Amit's associate attended a deposition in a different case where both firms are involved. According to Mr. Kozolchyk, at the beginning of that deposition, the court reporter, Ivy Diel, indicated she could not hear Mr. Kozolchyk because of his face mask and asked him to remove it, which he declined to do. *See* Motion at 2. Then, approximately two hours into the deposition, Mr. Kozolchyk asked the court reporter whether she had transcribed an objection he made, and she stated she had not transcribed any of his objections because she could not hear him. *Id.* Mr. Kozolchyk disbelieved the court reporter's explanation because he and his client were sitting equidistant from the microphone. *See id.* at 2-3. Consequently, Mr. Kozolchyk states that he objected to the deposition and that the court reporter was hostile towards him for the remainder of the deposition. *See id.* at 2.

Turning to the depositions in this case, the Court has listened to recordings of the relevant portions of the first two depositions and has reviewed a transcript from the third deposition (along with Mr. Kozolchyk's comments regarding alleged inaccuracies therein). Based on the Court's review of the foregoing, the Court finds that an evidentiary hearing is not necessary.

When the April 22, 2021 deposition occurred, the same court reporter from the earlier deposition appeared. Therefore, at the outset, Mr. Kozolchyk objected to the deposition proceeding with that court reporter. Believing the court reporter had not made an accurate transcript in the prior case (and apparently believing that the inaccuracy was intentional), Mr. Kozolchyk did not want to proceed with the same court reporter. Regardless of whether his concerns regarding the court reporter were justified from an objective standpoint at that time, they were at least justified from a subjective standpoint. In objecting, Mr. Kozolchyk probably said more than what was necessary, but that did not excuse what came next. Specifically, Mr. Amit yelled at Mr. Kozolchyk twice to "SHUT THE FUCK UP." At that point (about two minutes into the deposition), Mr. Kozolchyk disconnected from the remote deposition. He then proceeded to seek the Court's intervention. *See* [DE 84-1]. Mr. Amit followed up with his own email to the Court. *See* [DE 84-4]. Although the Court directs parties to seek a discovery hearing via email, the emails sent by both Mr. Kozolchyk and Mr. Amit contained material far in excess of what is permitted under the Court's Discovery Procedures Order [DE 33]. Both emails were unquestionably improper communications. As a result, the Court docketed the emails. [DE 77]. Both parties also separately called my chambers to seek Court intervention prior to sending their emails, which was also inappropriate in light of the Court's Discovery Procedures Order.[1]

Based on the parties' communications, the Court entered the Order Setting Telephonic Discovery Hearing and Other Requirements [DE 73], requiring the parties to confer and scheduling a hearing for the following day, April 23, 2021, in the event the parties were unable to resolve their dispute. The Court specifically noted in the Order that "[b]ased on the descriptions of the dispute

---

[1] I note that the first page of the Discovery Procedures Order warns parties that failure to comply with any part of the Order may result in the imposition of sanctions.

3

provided by Plaintiffs' counsel and Defendants' counsel, the dispute appears to be one that counsel should be able to resolve if they act *reasonably and professionally*." The Order further warned counsel that "if the parties are unable to resolve all issues, it is likely that one or both attorneys will be sanctioned at the April 23, 2021 hearing."

In accordance with the Court's Order, Mr. Kozolchyk and Mr. Amit filed a Joint Notice of Compliance [DE 74], wherein they represented to the Court that they "resolved all issues." Therefore, the Court cancelled the April 23, 2021 hearing. *See* [DE 75]. The Court later learned (at an April 28, 2021 hearing) that the April 22, 2021 deposition had ultimately proceeded, and was completed, with the same court reporter. When Mr. Kozolchyk did return – after about forty minutes – he engaged in a dialogue with the court reporter followed by a dialogue with Mr. Amit, both of which served to unnecessarily further delay the deposition before it proceeded. Both Mr. Kozolchyk's actions and Mr. Amit's actions prolonged the deposition and exacerbated matters.

The next deposition to occur was that of the non-party on April 27, 2021. The same court reporter was present. Consequently, at the beginning, Mr. Kozolchyk once again objected to using the court reporter. However, he said far more than what was necessary. It is one thing to preserve an objection, but it is quite another to launch into the lengthy speaking objection that Mr. Kozolchyk made. Mr. Kozolchyk should have briefly objected and moved on, or alternatively, if warranted, terminated the deposition and sought an order under Fed. R. Civ. P. 30(d)(3).[2] Unfortunately, in responding to questions from Mr. Kozolchyk, the court reporter made things

---

[2] *See* Fed. R. Civ. P. 30(d)(3)(A) ("At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.").

4

worse rather than better. Mr. Kozolchyk then decided to raise things to the next level.[3] Mr. Amit then felt the need to chime in. A back-and-forth squabble between Mr. Kozolchyk and Mr. Amit then ensued, including silly arguments over who had argued with whom. Ultimately, they wasted more than ten minutes and exacerbated a situation that they should have been able to work through.

When the parties returned for the April 28, 2021 deposition, the same court reporter appeared once again. Mr. Kozolchyk began the deposition by asking – and repeating – the court reporter questions including whether she could hear him and whether she was transcribing everything he was saying. Again, it is one thing for an attorney to ask a court reporter if she can hear him (especially where there were volume issues in the past), but it is another to repeat the types of questions Mr. Kozolchyk was asking. Mr. Kozolchyk then proceeded by making an objection similar to the one he made at the prior deposition – once again saying far more than what was necessary.

Mr. Kozolchyk and Mr. Amit then once again engaged in an extended, improper dialogue that served to only further delay and impede the deposition and further exacerbate issues. During that dialogue, Mr. Amit said that if he were the court reporter, he would sue Mr. Kozolchyk for defamation and would file a bar complaint against him. Apparently, in that vein, the court reporter also said at some point that she may or would sue Mr. Kozolchyk for slander and file a bar complaint against him. The back and forth between Mr. Kozolchyk and Mr. Amit then continued.

---

[3] For example, after stating his objection to proceeding with Ms. Diel and incorporating his description of Ms. Diel's failure to transcribe his objections in the deposition in the prior case, Mr. Kozolchyk asked Ms. Diel if she had transcribed his objection. Rather than simply saying, "yes," Ms. Diel quibbled with whether what Mr. Kozolchyk had stated was an "objection" since testimony had not yet begun; nevertheless, she made clear that she had transcribed Mr. Kozolchyk's statements because she could hear them. Rather than accepting the fact that Ms. Diel had transcribed his comments and could hear him, Mr. Kozolchyk chose to prolong the semantic disagreement over whether his statements were an "objection."

It is undisputed that at some point Mr. Amit again cursed at Mr. Kozolchyk, either saying "fuck you" or "fuck off" (though, the court reporter did not transcribe this).

After both attorneys wasted time arguing, Mr. Kozolchyk suspended the deposition. The parties then sought Court intervention. *See* [DE 84-2], [DE 84-5]. The Court scheduled a hearing for later that day (April 28, 2021 at 3:00 p.m.). *See* [DE 76]. In the interim, the parties returned to the deposition with a different court reporter. As such, Plaintiffs' *ore tenus* motion for protective order regarding the April 28, 2021 deposition was denied as moot. [DE 79]. Additionally, the court ordered that if the parties wanted to seek sanctions against another party or counsel, a written motion for sanctions would need to be filed. *Id.* The Motion followed.

Under Fed. R. Civ. P. 30(d)(2), "[t]he court may impose an appropriate sanction— including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." The problem here is that both Mr. Amit and Mr. Kozolchyk impeded, delayed, and frustrated the fair examination of the deponents. Mr. Amit's profane language was clearly unprofessional and is unacceptable. Indeed, continuation of such conduct could be grounds for a referral to the Florida Bar or for further professionalism training. However, the impeding, delaying, and frustrating of the deposition came from both counsels' behavior, which patently displayed more interest in getting the last word and baiting each other than in actually resolving their dispute. In other words, neither attorney here is blameless.

Neither is the court reporter. Even if she did not transcribe Mr. Kozolchyk's objections at the initial deposition in the other case because she genuinely could not hear him (an issue I am not deciding), and even if she felt unfairly impugned by Mr. Kozolchyk, she made inappropriate comments at both the April 22, 2021 and April 28, 2021 depositions. At the April 22, 2021

6

deposition, after Mr. Kozolchyk disconnected, the court reporter stated, *inter alia*, that Mr. Kozolchyk is psychologically unstable and that there is something wrong with him. At the April 28, 2021 deposition, as indicated above, she threatened to sue him and file a bar complaint against him. Notably, court reporters are supposed to be "guardians of the record because of their *impartiality* and role within the judicial process."[4] Even if Ms. Diel was initially impartial and professional, and even if she felt unfairly accused by Mr. Kozolchyk, her comments at the April 22, 2021 and April 28, 2021 depositions created the appearance that that impartiality was undermined.

Ultimately, while Mr. Amit was not wrong to use Ms. Diel as the court reporter for the April 22, 2021 deposition, he should have made sure to retain a different court reporter for the depositions that followed. Regardless of whether Ms. Diel or Mr. Kozolchyk is in the right regarding the events of the deposition in the prior case, it was apparent after the April 22, 2021 deposition that continued use of Ms. Diel ran the risk of both further inflaming Mr. Kozolchyk and injecting at least the specter of partiality into the proceedings. This problem had an easy fix – using a different court reporter for the depositions the following week. Indeed, Mr. Amit and Ms. Diel discussed obtaining a different court reporter, and Ms. Diel made it clear that obtaining a different court reporter would be both easy and acceptable to her. While it is understandable that Mr. Amit, believing Ms. Diel was being unfairly impugned, did not want Ms. Diel to lose work based on Mr. Kozolchyk's accusations, it was quite obvious that using Ms. Diel again would trigger the same argument that occurred on April 22. To the extent Mr. Amit specifically requested that the court reporting company assign Ms. Diel to the April 27 and 28 depositions, it is hard to

---

[4] *See* National Court Reporters Association, *What Is Court Reporting?*, https://www.ncra.org/home/professionals_resources/professional-advantage/Court-Reporting (last visited June 10, 2021) (emphasis added).

interpret such action as anything other than a deliberate attempt to goad Mr. Kozolchyk and "win" the disagreement by refusing to back down.[5] But even assuming that is not what occurred and that Ms. Diel just happened to be assigned to the latter two depositions, at best, Mr. Amit did not attempt to solve the ongoing problems when he was in a position to do so. He should have taken affirmative steps to secure a different court reporter.

Nevertheless, as indicated above, Mr. Kozolchyk also acted unreasonably and shares in the blame here. Mr. Kozolchyk was entitled to state his objection and the grounds for it, at least at the April 22 deposition. However, his insistence on pain-stakingly rehashing the entire situation from the other case's deposition at the start of both the April 27 and 28 depositions, rather than simply reiterating the objection he had made days earlier, was unreasonable and simply invited more argument. His decision to engage in semantic arguments and cross-examination with the court reporter, while seemingly under the guise of "making a record," went farther than necessary and served to exacerbate the dispute and delay the depositions. This was also unreasonable, particularly in light of the fact that the parties had represented to the Court that they had resolved their dispute on April 22. Therefore, it would be unfair to require Mr. Amit to pay sanctions to Mr. Kozolchyk. At the same time, both attorneys have wasted the Court's time, the deponents' time, and their clients' money. They both escalated the disputes here rather than pursuing the easy, common-sense means of resolving them. As the Court said at the outset, reasonable and professional attorneys resolve these types of disputes. Under the circumstances, Mr. Amit and Mr. Kozolchyk should not be allowed to profit from their actions, and their clients should not have to pay.

---

[5] Indeed, Mr. Amit made comments at the various depositions suggesting that he was motivated, at least in part, by a desire to show Mr. Kozolchyk that Mr. Kozolchyk could not dictate whom he would use as a court reporter.

Therefore, the Court will require Mr. Amit to write off any time incurred in connection with the present dispute. Sanctions are warranted against him because his conduct violated Rule 30(d)(2). Because Mr. Kozolchyk should not be awarded sanctions here in light of his conduct, requiring Mr. Amit to write off his unnecessary and unreasonable hours is an appropriate sanction. The time Mr. Amit must write off is all the time he (and his firm) incurred in connection with the present dispute. That includes time spent: (1) on his emails to the Court, *see* [DE 84-4], [DE 84-5]; (2) at the April 28, 2021 hearing; (3) conferring with Mr. Kozolchyk and filing a notice of compliance, *see* [DE 74]; (4) on the response to the Motion, [DE 89]; (5) listening to the deposition recordings and reviewing the deposition transcript; (6) on the Notice of Compliance [DE 95]; (7) on Defendants' Notice Pursuant to Court Order [DE 98]; and (8) on the motion to strike [DE 100]. Ultimately, the Court expects Mr. Amit to exercise his billing judgment in writing off all time related to the present dispute (which may or may not be limited to the eight aforementioned items). To the extent such time has already been billed, Mr. Amit shall credit his clients for an equal amount.

The Court similarly expects Mr. Kozolchyk to exercise billing judgment and write off his time related to the present dispute, which was unnecessarily and unreasonably incurred. However, as the Motion is one seeking sanctions against Mr. Amit, and because no motion for sanctions has been filed against Mr. Kozolchyk (nor did the Court issue an order to show cause why sanctions should not be imposed against him), the Court will not order such relief against Mr. Kozolchyk at this time. Nonetheless, if Plaintiffs are ultimately entitled to fees in this action and file a fee motion, the Court expects Mr. Kozolchyk to exercise billing judgment and to write off the aforementioned fees. If he does not, the Court will do it for him at that time. *See Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise

billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'").

For the foregoing reasons, and with the Court being fully advised in the premises, it is **ORDERED** and **ADJUDGED** that:

1. The Motion [DE 84] is **GRANTED IN PART and DENIED IN PART**. Additionally, Defendants' Motion to Strike Plaintiff's Notice and Motion to Strike [DE 100] is **DENIED AS MOOT**.

2. Plaintiff's request for an evidentiary hearing is denied.

3. Plaintiff's request for an award of sanctions is granted in part.  Specifically, Mr. Amit shall write off all of the time that he and his firm incurred in connection with the present dispute, as detailed above.  However, the Court will not require Mr. Amit to pay any sanctions to Plaintiffs or their counsel.

4. If either Mr. Amit or Mr. Kozolchyk engage in further misconduct (in this case or any other case), the Court may refer them to the Florida Bar and/or the Court's Committee on Attorney Admissions, Peer Review, and Attorney Grievance for appropriate action.

5. On or before **June 15, 2021**, Mr. Kozolchyk and Mr. Amit shall serve a copy of this Order on their respective clients and file a certificate of service.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 11th day of June 2021.

_____
Jared M. Strauss
United States Magistrate Judge